UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NICOLE ISABO MORALES,** | ) | CASE NO. 1:21CV588 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| **COMMISSIONER OF** | ) | OPINION AND ORDER |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Plaintiff's Objections (Doc. 16) to the Magistrate Judge's Report and Recommendation (Doc. 15), which recommended the Court affirm the Commissioner's decision to deny Plaintiff's claim for supplemental security income ("SSI"). For the following reasons, the Court **ADOPTS** the Report and Recommendation and **AFFIRMS** the Commissioner's decision.

### I. BACKGROUND FACTS

The following is a procedural synopsis of Plaintiff's claim. For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to Plaintiff's claim.

Plaintiff filed a claim for SSI in February of 2019, alleging a disability onset date of December 5, 2012. Her claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was granted. The ALJ held a hearing on May 26, 2020. Both Plaintiff and a neutral vocational expert testified at the hearing. On July 1, 2020, the ALJ concluded that

Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner.

On March 12, 2021, Plaintiff timely filed her Complaint challenging the Commissioner's final decision before this Court. (Doc. 1). On March 30, 2022, the Magistrate Judge issued his Report and Recommendation. (Doc. 15). On April 13, 2022, Plaintiff timely objected to the Report and Recommendation. (Doc. 16). Defendant filed a brief Response shortly thereafter. (Doc. 17).

## II. LAW & ANALYSIS

### A. Standard of Review

When reviewing a magistrate judge's report and recommendation, a court makes a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision however, the district court's review is not *de novo*. *Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010). Instead, a district court determines whether the Commissioner applied the proper legal standards and whether substantial evidence supported the Commissioner's findings. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

'Substantial evidence' has been defined as "more than a mere scintilla" of evidence, *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003), but less than a preponderance of the evidence, *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Thus, if the record evidence is of such nature that a "reasonable mind might accept it as adequate to support" the Commissioner's conclusion, then the determination must be affirmed. *Wright*, 321 F.3d at 614. If such evidence exists, the

district court should defer to the Commissioner's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

A district court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Rather, courts "focus on whether substantial evidence supports the Commissioner's decision[.]" *Id.* at 615.

Plaintiff's sole objection to the Report and Recommendation is that "[t]he Magistrate Judge erred in his assertion that the ALJ properly evaluated the opinion evidence." (Doc. 16, PageID: 1056). In making this Objection, Plaintiff focuses on two medical providers, Drs. Faust and Anderson. Defendant argues that Plaintiff's Objection is simply a disagreement with the Magistrate Judge's and ALJ's findings, which is an improper basis for remand. After review, the Court agrees with Defendant.

**B.    ALJ's Treatment of Dr. Faust**

The ALJ reviewed and reiterated Dr. Faust's findings and conclusions and found them "partially persuasive." Although Dr. Faust's opinion was "somewhat vague" according to the ALJ, it provided some support for the ALJ's RFC determination. In his Report and Recommendation, the Magistrate Judge found that the ALJ had enough evidence before her to decide whether Plaintiff was disabled and therefore did not need to consider obtaining additional evidence. Plaintiff objects to this finding, arguing that the ALJ should have contacted Dr. Faust to clarify his "somewhat vague" conclusion.

By not doing so, the ALJ created "an untenable degree of uncertainty in the RFC determination."

The Court agrees with the Magistrate Judge. Plaintiff is correct to argue that "[a]n ALJ has a duty to develop the record." *See Cox v. Comm'r of Soc. Sec.*, 615 Fed. App'x 254, 262 (6th Cir. 2015). "This duty is heightened when the claimant is not represented by counsel." *Id.* Furthermore, as Plaintiff argues, "[a]n ALJ is only required to recontact medical sources…if there is insufficient evidence in the record to determine whether a claimant is disabled or a conclusion cannot be reached on the basis of the current evidence." *Kees v. Comm'r of Soc. Sec.*, 2018 WL 1411021, *4 (W.D. Ky. Mar. 20, 2018) (citing 20 C.F.R. 404.1520b(b)(2)(i), (iii)). "[E]vidence [is] insufficient when it does not contain all the information…need[ed] to make [a] determination or decision." 20 C.F.R. 416.920b(b).

Since Plaintiff here was represented by counsel at the hearing, the ALJ did not have a "heightened duty" to develop the record. Moreover, the ALJ did not find the evidence in the record "insufficient." Rather, the ALJ only" labeled Dr. Faust's opinion "somewhat vague." While this description speaks to Dr. Faust's opinion, it does not speak to the totality of the record. The ALJ reviewed the entire record and articulated how the evidence supported the ultimate RFC determination. There is nothing more the ALJ should have done.

Accordingly, the Court agrees with the Magistrate Judge that the ALJ had enough evidence before her to decide whether Plaintiff was disabled and therefore did not need to consider obtaining additional evidence.

**C.     ALJ's Treatment of Dr. Anderson**

Doctor Anderson provided two opinions in 2019 that contain the following claims:

- "[Plaintiff] meets the definition of disabled under the Americans with Disabilities Act."
- "She is unable to function adequately in a work setting, interact with coworkers or customers in a productive manner due to difficulties managing stressful situations."
- "These limitations have rendered the claimant disabled and unable to work."
- "[Plaintiff]'s symptoms have not responded significantly to treatment such that she could manage employment at this time."

(Doc. 10, PageID: 672, 729)

The ALJ found Dr. Anderson's opinions only partially persuasive. She did not afford any weight to the issues reserved to the commissioner (i.e., whether Plaintiff was disabled). The ALJ also found the opinion to be inconsistent with both Dr. Anderson's own treatment notes and the remaining evidence in the record. (*See id.*, PageID: 102). The Magistrate Judge agreed with the ALJ both legally (no requirement to adopt conclusions regarding disability) and factually (inconsistencies in the record and internal notes). Ultimately, the Magistrate Judge agreed with Defendant that "plaintiff fail[ed] to show how those opinions were more restrictive than the RFC[.]"

Plaintiff objects and argues that the Magistrate Judge failed to look at SSR 85-15. According to Plaintiff, Dr. Anderson's opined limitations would disable Plaintiff

under SSR 85-15. Since there was no accurate or logical bridge between the evidence and the result, the Court must remand.

Plaintiff's objections have no merit. First, Plaintiff makes no contention that the ALJ should have deferred to Dr. Anderson's statements on the ultimate issue of the matter – whether Plaintiff was disabled. That is because the law reserves those determinations to the Commissioner. *See* 20 C.F.R. § 416.920b(c)(3). And each of the statements identified above arguably go to the ultimate issue of Plaintiff's disability. Therefore, it was proper for the ALJ to not give any weight to those statements.

Even if the ALJ should have considered those statements, they have no bearing on Plaintiff's attempted application of SSR 85-15. That is because SR 85-15 applies solely to non-exertional limitations. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008); *see also Doneworth v. Shalala*, 76 F.3d 378, 1996 WL 26922, *4 (Table) (6th Cir. Jan. 23, 1996) (SSR 85-15 "applies to cases where only a non-exertional limitation is present"). Plaintiff here alleges both exertional and non-exertional limitations. Thus, SSR 85-15 is inapplicable.

Assuming for Plaintiff's sake that SSR 85-15 were applicable, it merely helps provide a framework for the evaluation of non-exertional limitations. *Doneworth*, 1996 WL 26922 at *5. The ALJ properly evaluated Plaintiff's non-exertional limitations. The ALJ reviewed the entirety of the record and provided evidence that a "reasonable mind might accept…as adequate to support" the RFC determination. *Wright*, 321 F.3d at 614. Accordingly, the ALJ supported her determination with substantial evidence and her decision must be affirmed.

- 7 -

### III. CONCLUSION

A reading of the ALJ's decision reflects a legally sound and factually supported approach to Plaintiff's claim. Accordingly, the Court overrules Plaintiff's Objections; **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 15); and **AFFIRMS** the Commissioner's denial of Plaintiff's claim.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: July 26, 2022**